IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV426-1-MU

| | |
|---|---|
| ROGER KEVIN WALSH, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| JIM PENDERGRAPH, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed on October 9, 2007.

A review of Plaintiff's Complaint reveals that he fails to state a claim against Jim Pendergraph, the Sheriff of Mecklenburg County. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by Jim Pendergraph with regard to the incidents that form the basis of his Complaint. Nor does Plaintiff allege that actions were taken pursuant to a policy or custom of Jim Pendergraph. Consequently, Plaintiff fails to state a claim against Jim Pendergraph and he is dismissed.

After a careful review of the record, the Court finds that Defendant Gravitt should

file an answer detailing Plaintiff's allegations and responding to each.

**IT IS, THEREFORE, ORDERED that:**

1. Jim Pendergraph is dismissed from this case; and

2. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process without additional cost on Defendant Gravitt.

Signed: October 26, 2007

Graham C. Mullen
United States District Judge