IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV426-1-MU

| ROGER KEVIN WALSH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| JIM PENDERGRAPH, <u>et al.</u>, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court upon Defendant Gravitt's Motion for Summary Judgment (Doc. No. 11), filed February 18, 2008.

For the reasons provided herein, Defendant Gravitt's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed.

## **COMPLAINT**

In his Complaint Plaintiff alleges that since being transferred to the Mecklenburg County Jail on November 2, 2006, he has been denied medical treatment and a doctor's care. More specifically, Plaintiff alleges that although he suffers from prostate/kidney problems, he has only seen a doctor once on December 7, 2006, by accident, since he arrived at the jail. (Compl. p. 3.)[1] Plaintiff further alleges that he was not given the medical treatment ordered by his doctor or provided the follow-up care ordered by his doctor. (Compl. p. 3.) Finally, Plaintiff asserts that

---

[1] The Court's references to page numbers in Plaintiff's Complaint correspond to the page numbers generated by the Court's electronic filing system.

although he was placed back on his medication in June 2007, he still has not been seen by a doctor even though he was informed by a doctor that he should be re-checked in two to four weeks. (Compl. p. 3.) Plaintiff asserts that he has written repeated requests to the medical department and Dr. Searles which have not been answered. (Compl. p. 3.) Plaintiff contends that due to Defendant's deliberate indifference to his serious medical need, his condition has worsened. (Compl. p. 3.)

Plaintiff also alleges that Defendant Gravitt has unconstitutionally denied his request for an additional jumpsuit.[2]

## ANALYSIS

### A. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 106 (1986); Celotex Corp. v. Catrett, 477 U. S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

In opposing a summary judgment motion, the "non-moving party must do more than present a mere "scintilla" of evidence in his favor. Rather, the non-moving party must present

---

[2] Although this issue is mentioned in a grievance attached to the Complaint, Plaintiff did not raise this issue in the text of his Complaint. As Plaintiff did not mention or refer in any way to this issue in the claims section of his Complaint, this Court does not consider it raised before the Court. However, out of an abundance of caution, this Court will address this claim on the merits.

sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence for the non-movant." Sylvia Dev. Corp. v. Calvert County Md., 48 F.3d 810, 818 (4th Cir. 1995)(quoting Anderson, 477 U.S. at 249-50). An apparent dispute is "genuine" only if the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment must be granted." Anderson, 477 U.S. at 249.

## B. **Deliberate Indifference Claim**

To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. See Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986).

As an initial matter, Plaintiff fails to establish a causal connection between his medical complaints and Defendant Gravitt. That is, he does not allege or provide any evidence to support a conclusion that she was responsible for denying him his alleged requests to see a doctor.[3]

---

[3] Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Indeed, as is evidenced by the medical records, doctors at the Mecklenburg County Jail were kept apprised of Plaintiff's medical issues. Likewise, Plaintiff fails to establish that Defendant Gravitt was responsible for Plaintiff's alleged failure to receive his Cadura. That is, as there was no prescription after a physician discontinued this medication on December 11, 2006, Defendant Gravitt could not have provided Plaintiff with Cardura.[4] (Gravitt Aff. ¶¶ 21, 22.)

Besides failing to establish a causal connection between his allegations and the named defendant, Plaintiff's allegation that he was denied access to a physician is unfounded. Plaintiff requested to see a physician on November 27, 2006. A physician reviewed Plaintiff's request and ordered that Plaintiff's Cardura and Zantac be continued and Plaintiff was examined by a physician within ten days of first submitting his request. Significantly, Plaintiff does not allege, and the record does not support the conclusion that, between December 7, 2006, and June 8, 2007, Plaintiff submitted a sick call request to see a physician for his urinary problems and was denied an appointment. Likewise, Plaintiff presents no evidence that between December 7, 2006, and June 8, 2007, he submitted a medical request to re-start his Cardura medication which was denied due to his refusal to accept the medication. Clearly Plaintiff understood how to properly access the medical system as during this same time period Plaintiff submitted at least two sick call requests relating to dental issues he was having and a sick call request to have his prescription for Zantac refilled (which it was). The contemporaneous medical records simply do not support Plaintiff's broad allegations of deliberate indifference. See Stanley v. Hejirika, 134

---

[4] The Court notes that grievances do not replace the need to seek medical assistance through the proper channels. Indeed in response to Plaintiff's January 14, 2007, grievance, Defendant Gravitt advised Plaintiff to submit a sick call request if he had medical issues. After Plaintiff did submit a sick call request on July 7, 2007, his medication was re-started.

4

F.3d 629, 637-38 (4th Cir. 1998)(in ruling on claims of deliberate indifference to a serious medical need, courts may rely on medical records of examination and treatment of prisoner); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001)(same); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981)(same), aff'd, 676 F.2d 690 (4th Cir. 1982). Consequently, Plaintiff's claim is dismissed on this basis as well.

Finally, Plaintiff also contends that Defendant Gravitt unconstitutionally denied his request for an extra jumpsuit which he made due to the fact that he frequently urinated on himself. Such an allegation does not state a claim of deliberate indifference to a serious medical need and as such it is dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. Defendant Gravitt's Motion for Summary Judgment is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED.**

Signed: May 19, 2008

Graham C. Mullen
United States District Judge